**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV85-02-V
(5:01CR5-19-V)**

| | |
|---|---|
| **STACEY LERELL NEWMONES,**<br>    **Petitioner,**<br><br>        v.<br><br>**UNITED STATES OF AMERICA,**<br>    **Respondent.** | )<br>)<br>)<br>)       **O R D E R**<br>)<br>)<br>)<br>) |

**THIS MATTER** is before this Court on a document captioned as "Petitioner Moves That This Court Accept Petitioner's Application For Issuance Of A Certificate Of Appealability . . . And Issue Same Pursuant To Federal Rules Of Civil Procedure 60(b)(6)," filed June 20, 2007.

For the reasons stated herein, and for the further reasons set forth in the Court's Order denying the petitioner's Motion to Vacate (document #13), filed August 19, 2005, and in its Order denying the petitioner's Motion for Reconsideration (document #16), filed April 25, 2007, this Application for a Certificate of Appealability will be <u>denied</u>.

As was recounted in the above-referenced Orders, on March 13, 2001, a Bill of Indictment was filed, charging the petitioner and 23 others with conspiring to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of

cocaine powder, all in violation of 21 U.S.C. §§841(a)(1) and 846.  The Indictment also reported that on February 3, 1998, the petitioner had been convicted of two felony drug offenses by the State of North Carolina.  Next, on April 23, 2001, the government filed an Information pursuant to 21 U.S.C. §851, specifically identifying the petitioner's two purported prior felony drug convictions.

On December 26, 2001, the petitioner entered into a written Plea Agreement with the government, whereby he agreed to plead guilty to the conspiracy charge in the Indictment.  Such Agreement further reflects the petitioner's waiver of his right to directly challenge his conviction and/or sentence, and his waiver of his right to collaterally challenge those matters on any grounds except ineffective assistance of counsel or prosecutorial misconduct.  The parties' Plea Agreement also set forth the petitioner's stipulation that "[t]he amount of cocaine base that was known to or reasonably foreseeable by the defendant was in excess of 1.5 kilograms."

On January 7, 2002, the petitioner appeared before the Court for a Plea & Rule 11 Hearing, at which time he tendered his guilty plea to the Court.  After engaging the petitioner in its standard lengthy colloquy, the Court determined that his guilty plea was being tendered intelligently and voluntarily.  Consequently, the Court accepted the petitioner's guilty plea.

2

Thereafter, on June 12, 2002, the Court conducted a Factual Basis & Sentencing Hearing. At that time, the Court determined that the petitioner had only one qualifying prior felony drug conviction--for possession with intent to sell and deliver marijuana--for which his sentence could be enhanced under §851. Ultimately, therefore, the Court determined that the petitioner's sentencing exposure was a statutory maximum term of 20 years to life imprisonment. At the Conclusion of that Hearing, the Court sentenced the petitioner to a term of 240-months imprisonment.

The petitioner did not appeal his conviction or sentence, but instead filed a Motion to Vacate in this Court on June 4, 2003. In that Motion, the petitioner alleged that counsel had been ineffective because counsel knew or should have known that the petitioner had not been convicted of any offenses which occurred on February 3, 1998 and, at any rate, that his prior convictions "did not meet the threshold requirement of Sec. 851."

Second, the petitioner alleged that counsel was ineffective for having forfeited his due process right "to ensure that the form of cocaine base was in fact 'crack cocaine.'" Third, the petitioner argued that counsel was ineffective because he knew or should have known that his prior cocaine conviction was a misdemeanor, not a felony offense for which his federal sentence could have been enhanced.

On September 5, 2003, the Court directed the government file

a response to the petitioner's Motion.  To that end, on October 2003, the government filed a combined Response and Motion for Summary Judgment in opposition to the petitioner's claims.

On October 6, 2003, the petitioner filed a document under the dual captions of "Verified Complaint," and "Petitioner's Pleading In Traverse To Respondent's Motion For Summary Judgment."  In that 22-page document, which clearly was cut and pasted from another pleading, the petitioner purported to respond to the government's arguments but, in fact, attempted to raise new claims, including ones that laboratory analysis had shown "that the drugs in question were cocaine base but not crack"; and that counsel was ineffective for having failed to conduct an adequate investigation.

In addition, notwithstanding the fact that he had pled guilty and had stipulated to involvement with 1.5 kilograms of cocaine base by the terms of his Plea Agreement, the petitioner's Traverse asserted that since his conspiracy charge identified both cocaine and cocaine base as its object, his sentence for involvement with cocaine base was improper because "it is 'impossible to determine which controlled substance the jury may have found was the object of the conspiracy.'"

Then, on December 8, 2003, the petitioner filed a document captioned as "Petitioner Pleads To Amend §2255 Pursuant To F.R.C.P. 15(A) [sic]."  By that document, which also was the

product of cutting and pasting from some other brief, the petitioner asked for permission to amend his Motion to Vacate to include a claim that, pursuant to a then newly-announced case from the North Carolina Court of Appeals, "'the indictment [in his case] fail[ed] to give the trial court subject matter jurisdiction over the matter . . . .'"

However, on December 22, 2003, this Court entered an Order noting that the petitioner's one-year limitations under the AEDPA already had passed, rendering his proposed amendment time-barred; and that such claim did not relate back to any of the claims against counsel which the petitioner had timely raised. Consequently, the Court denied the petitioner's request to Amend his Motion to Vacate.

On January 12, 2004, the "Petitioner's Motion For Reconsideration" was filed. There, the petitioner asserted that his request to amend should have been granted because the facts supporting the proposed claim (i.e., the 2003 North Carolina appellate decision) had only been recently discovered; and because that appellate decision conclusively established that his prior cocaine conviction was only a misdemeanor. Nevertheless, the Court eventually denied the petitioner's Motion for Reconsideration, essentially determining that the proposed amendment would have been futile since, it was based upon a recent change in State law which would not have had any impact on this Court's

5

collateral proceedings.

Thereafter, on August 18, 2005, the undersigned took up the claims which were set forth in the petitioner's Motion to Vacate and the opposing arguments set out in the government's Motion for Summary Judgment. As an initial matter, this Court first determined that the petitioner could not prevail on his claims against counsel, in any case, because of his critical failure even to suggest that but for counsel's alleged deficiency, he would have pled not guilty and insisted upon going to trial.

With regard to the actual merit of the petitioner's claims, the Court further concluded that to the extent that the petitioner was denying that he had committed the State offenses on February 3, 1998--the date which was set forth in his federal Indictment and in the government's §851 Information--such denial was inconsequential since the subject documents had asserted that the petitioner had been <u>convicted</u> of the State offenses on February 3, 1998, not that he had <u>committed</u> those offenses on that date.

Moreover, after considering the specific facts of this case, the Court flatly rejected the petitioner's argument that the requirements of §851 had not been met because the statute under which he was convicted in this Court, 21 U.S.C. §841(b)(1)(A), only applied to single drug offenses which involved 50 grams or more of a controlled substance. That is, the Court first noted

that the petitioner had stipulated to involvement with more than 1.5 kilograms of crack cocaine, thereby meeting the requirements of §841(b)(1)(A).

Furthermore, the Count found, contrary to the petitioner's assertion, that §851 enhancements do not require that the qualifying prior felony drug conviction involve a particular type or quantity of drugs. Therefore, the Court concluded that the petitioner properly had been subjected to an enhanced sentence on the basis of his prior felony conviction for possession with intent to sell and deliver marijuana.

The Court also rejected the petitioner's claim that counsel was ineffective for having forfeited his constitutional right to ensure that the form of cocaine base with which he had dealt was crack cocaine. To be sure, the Court noted that at the time that the petitioner was convicted, the Fourth Circuit Court of Appeals already had announced that the term "cocaine base" includes what is commonly referred to as "crack" cocaine.

In addition, the Court determined that since the petitioner's prior cocaine conviction had not been used to enhance his sentence, the petitioner could not prevail on his claim that counsel was ineffective because he knew or should have known that the petitioner's prior cocaine conviction was a misdemeanor. In short, the nature of the petitioner's prior cocaine conviction was irrelevant, since the Court had excluded that conviction from

7

consideration under §851.  Based upon the foregoing, then, the Court granted the government's Motion for Summary Judgment, and dismissed the petitioner's Motion to Vacate.

Next, on September 9, 2005, the petitioner filed a document captioned as "Petitioner's Timely Filed Motion For Reconsideration Pursuant To Federal Rules [sic] Of Civil Procedure 59(e)." By that Motion, the petitioner attempted to raise several additional claims in support of his Motion to Vacate, including that the newly-announced case of Shephard v, United States, 544 U.S. 13 (2005) and certain other decisions from other Circuits somehow had precluded the Court at sentencing in 2002 from relying upon his Pre-Sentence Report to support a finding that either of his prior drug-related convictions could subject him to an enhancement under §851; and that he was entitled to relief on his sentence under the Apprendi line of decisions.

However, on April 25, 2007, this Court entered an Order on the petitioner's Motion for Reconsideration.  Specifically, the Court found that the petitioner's attempt to raise new claims was unavailing in that such claims both were time-barred and successive.  In the alternative, the Court determined that to the extent that the petitioner was attempting to rehash his complaints concerning his former attorney's performance, he had failed to meet his burden under either Rules 59(e) or 60(b).

The Court also determined that the recent U.S. Supreme Court

8

rulings in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker/Fanfan</u>, 125 S.Ct. 738 (2005) simply were inapplicable. Therefore, the Court denied the petitioner's Motion for Reconsideration.

Now, the petitioner has filed the instant Application for a Certificate of Appealability. Such Application reports that the request "is appropriate at this time because: 1. The district court entered a final, appealable judgment in this matter on April 25, 2007 that denied Petitioner relief on his petition for relief pursuant [to] Federal Rules [sic] of Civil Procedure 59(e). . . . [and] 2. Petitioner desires to appeal this judgment . . . . "

In support of his Application, the petitioner asserts that he has made a substantial showing of the denial of a constitutional right on the basis of one of the arguments which he set forth in his post-judgment Motion for Reconsideration. That is, the petitioner cites to his <u>Shepard</u> argument as a basis for the issuance of a certificate of appealability.

However, as was previously noted, the petitioner's Motion to Vacate argued, in pertinent part, that counsel was ineffective because he knew or should have known that the petitioner's enhancement under §851 was invalid because prior convictions had met the "50 grams or more" requirement of §841(b)(1)(A), not because his prior marijuana conviction was not a felony. Thus,

as the Court indicated in its Order denying the petitioner's Motion for Reconsideration, the petitioner's Shepard-based claim–-that Court was precluded from relying on the information set forth in his Pre-Sentence Report in determining that either of his prior convictions was the type of offense which could have triggered application of §851--represents a new argument which was time-barred and successive.

Moreover, even assuming that the facts in Shepard do not make that decision inapplicable here, that case was decided years after the petitioner was sentenced by this Court. Indeed, the narrow question in Shephard related to what documents a Court could look at to establish whether a prior conviction for "generic burglary" would constitute a "violent felony" under the Armed Career Criminal Act. Here, however, the petitioner's prior felony conviction for possession of marijuana with intent to sell and deliver that substance--a drug trafficking offense, was the type that required no further resort to Court documents. Thus, since the petitioner has failed to establish that the Court violated the laws which were controlling at the time of his sentencing, he simply cannot establish a claim under Shephard.

In sum, the petitioner has failed to show "that jurists of reason would find debatable whether the petition states a valid claim of a denial of a constitutional right . . . . " Slack v. McDaniel, 529 U.S. 473, 480-82 (2000). To put it simply, the

petitioner has not met the requirements of 28 U.S.C. §2253; therefore, the instant Application must be <u>denied</u>.

**SO ORDERED.**

Signed: July 9, 2007

Richard L. Voorhees
United States District Judge